Argued September 22; affirmed October 13, 1931

NEPPACH *v.* SIMPSON

(3 P. (2d) 775)

*Guy C. H. Corliss,* of Portland (J. F. Hodler and F. E. Swope, both of Portland, on the brief), for appellant.

*James B. Finnigan,* of Portland (Eugene K. Oppenheimer, of Portland, on the brief), for respondent.

CAMPBELL, J.   This is a suit for the rescission of a certain lease by which W. F. Simpson leased to A. Neppach certain real property commonly known as No. 1062 and No. 1064, Union Avenue, Portland, Oregon, for a term of five years ending January 1, 1934.

The reasons why the lease should be rescinded, as set out in the complaint, are certain alleged fraudulent acts on the part of the lessor. Plaintiff alleges that defendant conspired with one Harry Knight to enable said Knight to get large sums of money from plaintiff. The acts of conspiracy consisted in defendant's giving to said Knight a writing in the form of a receipt in which was recited, that defendant had received from

Harry Knight $5,000 as part payment on the property covered by the lease, the balance of the purchase price to be $15,000. Plaintiff alleges that this was a false and fictitious receipt; that Knight had never paid said sum; and that he, plaintiff, relied upon said receipt and advanced Knight large sums of money and that he lost $15,000 of such advances; that Knight became a bankrupt. The plaintiff then alleges in effect: That defendant, in order to repossess himself of said receipt, and to further defraud plaintiff, and cause plaintiff to enter into the lease in question, represented to plaintiff that he would lease these premises to him for a term of five years, beginning January 1, 1929, for a monthly rental of $80; that Harry Knight had been paying $250 a month for the same premises; and that he, defendant, had several parties who would pay that sum as rental; that the said premises were in tenantable condition and first-class repair, and that it would not be necessary for the plaintiff to make any outlay on repairs; that a man named Geller was paying $125 per month as a bonus so that defendant would not rent the said premises to a business competing with said Geller and that he, defendant, would assign the said bonus to plaintiff. The plaintiff further alleges that all these representations were false and that he relied upon them; that the rental value of the premises was only $80 per month; that the premises were out of repair and that it would cost large sums to put them in tenantable condition. He prays for a rescission and cancellation of the lease.

The defendant filed an answer denying all alleged fraudulent acts, and for a further and separate answer alleged that the lease referred to showed on its face that it was executed on October 18, 1929, but that, as

a matter of fact, it was executed on October 18, 1928. That plaintiff entered into possession of the premises January 1, 1929, and has failed to pay any of the rent due since said date. The lease provided that the tenant should pay the taxes and upkeep. Defendant prayed for a judgment against plaintiff for the rent due and taxes paid by defendant.

Plaintiff replied denying all the new matter set up in the answer.

The cause came on for trial and after a full and complete hearing the trial court found in favor of defendant; reformed the lease as to the date; and gave defendant judgment for the amount of rent due, with interest from the date the monthly sum fell due, and for taxes which defendant paid.

Plaintiff appeals.

. The real question at issue is: Was plaintiff induced to enter into this lease by reason of the fraudulent representations alleged in the complaint. If there was no fraud, there is no question as to the amount due lessor for rent and taxes.

The lease is dated October 18, 1929. It is admitted that it should have been dated October 18, 1928. It is also admitted that plaintiff went into possession under the lease January 1, 1929.

There are no propositions of law presented by the record. It is a pure question of fact to be determined from the evidence. After a careful examination of all the evidence in the case, we are of the opinion that plaintiff has failed to establish the allegations of fraud, in any particular, to such an extent as to warrant the court in rescinding the contract. A written contract prepared by plaintiff, in his own handwriting, where he had every opportunity of placing in the contract all

the representations and conditions which he now claims, induced him to affix his signature. The trial judge had the benefit of the presence of the witnesses. He could hear the part of their story that was accented. He could observe the manner and see the gestures which are almost universally a part of a witness's testimony. He had the atmosphere of the trial; all of which enters into a court's consideration of the facts exhibited by the testimony offered. Much of this is never reproduced in the cold typewritten page.

The evidence is conflicting. It would be of no benefit to the profession to present a psychological analysis of the testimony. There is abundant evidence, if believed, to support the court's findings and decree. Under these circumstances, we feel that we are not justified in disturbing the findings and decree of the trial court.

The decree will be affirmed.

BEAN, C. J., BROWN and KELLY, JJ., concur.